THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| TYLER OLSEN, and BRONCS & DONKS,<br><br>Plaintiffs,<br><br>v.<br><br>SETH LARSEN and CANVAS CUTTER, LLC,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER FINDING THE COURT HAS SUBJECT MATTER JURISDICTION**<br><br>Case No. 4:23-cv-00110-DN-PK<br><br>District Judge David Nuffer |

Defendants removed this case under 28 U.S.C. §§ 1331 and 1338 alleging federal question subject matter jurisdiction.[2] Plaintiffs' Complaint contains five state law claims.[3] Defendants' Notice of Removal argued federal question jurisdiction under 28 U.S.C. § 1331 is satisfied because they filed "compulsory counterclaims of Copyright Infringement claims pursuant to 17 U.S.C. § 501 et seq. over which federal district courts hold exclusive jurisdiction."[4]

An Order to Show Cause[5] entered on January 24, 2024, directed Defendants to explain why this case should not be dismissed for lack of subject matter jurisdiction. The Order to Show Cause, citing *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*[6] and *Topeka Housing Authority v. Johnson*,[7] erroneously stated that a Defendant may not remove a case solely because

---

[2] Notice of Removal at 2, docket no. 1, filed November 24, 2023.

[3] Complaint, docket no.1-1, filed November 24, 2023.

[4] Notice of Removal, docket no. 1, at 2; *see also* Answer and Counterclaim, docket no. 4, filed November 24, 2023.

[5] Order to Show Cause, docket no. 13, filed January 24, 2024.

[6] 35 U.S. 826 (2002).

[7] 404 F.3d 1245 (10th Cir. 2005).

of a defense or counterclaim arising under federal law.[8] On January 26, 2024, Defendants filed a Response that stated removal was proper because Congress passed the Leah-Smith America Invents Act ("LSAI Act") in 2011 that abrogated the United States Supreme Court's decision in *Holmes* and thus overruled the United States Court of Appeals for the Tenth Circuit's decision in *Topeka Housing Authority*.[9]

In 2002, the Supreme Court held in *Holmes* that a counterclaim "which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for [federal question] jurisdiction."[10] In 2005, the United States Court of Appeals for the Tenth Circuit held in *Topeka Housing Authority* that: "[A] case may not be removed to federal court solely because of a defense or counterclaim arising under federal law."[11]

But in 2011, Congress passed the LSAI Act, which permits the removal of a case to federal court because a counterclaim was asserted under federal patent law or federal copyright law. Specifically, the LSAI Act states:

> A civil action in which any party asserts a claim for relief arising under any Act of Congress relating to patents, plant variety protection, or <u>copyrights</u> may be removed to the district court of the United States for the district and division embracing the place where the action is pending.[12]

The District of Utah recently analyzed the LSAI Act in *Big Squid, Inc. v. Domo, Inc.*[13] In that case, the plaintiff asserted state law claims, and Defendant asserted

---

[8] Order to Show Cause, docket no. 13, at 2.

[9] Defendants' Response to the Order to Show Cause, docket no. 14, at 3-6, filed January 26, 2024 (citing 28 U.S.C. §1454 (2011)).

[10] *Holmes* at 831.

[11] *Topeka Hous. Auth. v. Johnson,*.

[12] 28 U.S.C. §1454(a) (2011) (emphasis added).

[13] *Big Squid, Inc. v. Domo, Inc.*, No. 2:19-CV-193, 2019 WL 3555509, at *2 (D. Utah Aug. 5, 2019).

counterclaims for copyright infringement and removed the case to the District of Utah. In assessing jurisdiction, the Court reasoned:

> [Plaintiff] did not move to remand, and because [defendant] asserts a claim for copyright infringement, this court is satisfied that removal is proper under 28 U.S.C. § 1454(a).[14]

Additionally, the opinion noted 28 U.S.C. § 1454(a) permits "removal in civil actions in which any part asserts a claim for relief arising under any Act of Congress relating to . . . copyrights."[15]

Also in 2019, *Home Depot U.S.A., Inc., v. Jackson*, the Supreme Court stated: "§§ 1454(a) and (b) allow 'any party' to remove [a] civil action in which any party asserts a claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights."[16]

While no Tenth Circuit case expressly overrules *Topeka Housing Authority*, it is clear the case has been abrogated by 28 U.S.C. § 1454(a) and *Home Depot U.S.A*. Based on the text of the LSAI Act, *Big Squid, Inc.*, and *Home Depot U.S.A.*, it is clear the District of Utah has subject matter jurisdiction to hear this case.

---

[14] *Id*.

[15] *Big Squid, Inc. v. Domo, Inc.*, No. 2:19-CV-193, 2019 WL 3555509, at *2 n.41 (D. Utah Aug. 5, 2019) (internal quotation marks omitted).

[16] *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1749, 204 L. Ed. 2d 34 (2019).

## ORDER

Defendants established that the District of Utah has subject matter jurisdiction to hear this case; that the Defendants properly removed this matter; and that the Order to Show Cause was issued in reliance on outdated case law. Therefore, the Order to Show Cause is satisfied, and this case will remain in this court.

Signed February 14, 2024.

BY THE COURT

David Nuffer
United States District Judge